**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

DANIEL RAY ERICKSON,

               Plaintiff,

-vs-                                          Case No.  2:10-cv-183-FtM-36SPC

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

## ORDER

       This matter comes before the Court on the Plaintiff, Daniel Ray Erickson's Motion to Modify his Petition for Mandamus (Doc. #21) filed on February 1, 2011.  The Plaintiff moves to modify his petition for mandamus changing the factual allegations that the Social Security Administration (SSA) did not respond to his initial letter requesting that his benefits be restored.  The Plaintiff now states that the SSA did respond to his letter and that he filed an appeal six (6) weeks ago.  The Plaintiff now states that the SSA has not responded to his second letter appealing the SSA's denial of benefits.

       Under rule 15(a),  a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1).  Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2).  "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256

F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999).  Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

 With the Supreme Court's admonition that leave to amend shall be freely given, the Court will allow the Plaintiff to modify his petition.  Since the Plaintiff has been given leave to amend, the Defendant's Motion for Summary Judgment (Doc. # 19) is due to be denied as moot.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Daniel Ray Erickson's Motion to Modify his Petition for Mandamus (Doc. #21) is **GRANTED**.

(1) The Plaintiff Daniel Ray Erickson has up to and including **February 22, 2011,** to file an amended Petition for Mandamus including the modifications described in his Motion.

(2) The Defendant, Michael J. Astrue, as Commissioner of Social Security's, Motion for Summary Judgment or Alternatively Motion to Dismiss the Plaintiff's Complaint of Writ of Mandamus (Doc. #19) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record